IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SARA NEMEC, | |
| Plaintiff, | Case No.: 1:25-cv-14335 |
| v. | Judge Lindsay C. Jenkins |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | Magistrate Keri L. Holleb Hotaling |
| Defendants. | |

### AMENDED COMPLAINT

Plaintiff, SARA NEMEC ("Nemec" or "Plaintiff"), by Plaintiff's undersigned counsel, hereby complains of "Super Paul Stickers" identified on Amended Schedule A attached hereto ("Defendant"), and for Plaintiff's Amended Complaint[1] hereby alleges as follows:

### JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant since the Defendant directly targets consumers in the United States, including Illinois, through at least the fully interactive commercial internet stores operating under the Defendant aliases and/or the online marketplace accounts identified in Amended Schedule A attached hereto (the "Defendant Internet Store"). Venue is proper in any district in which Defendant resides or may be found which includes any district in which it would be subject to personal jurisdiction. *See* 28 U.S.C. § 1391(b)(3). On information and

---

[1] A redline copy of this Amended Complaint is attached as **Exhibit 2.**

belief, Defendant is not a resident of the United States, which means that it may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

## INTRODUCTION

3. Plaintiff, SARA NEMEC, is the owner of the federal copyright registration that protects the creative content of Plaintiff's illustration. Nemec is an artist who creates object, flower, and science-themed illustrations.

4. Plaintiff is the owner of United States Copyright Registration No. VA 2-456-770 (the "Sara Nemec Work") and the registration is attached hereto as **Exhibit 1**. Upon information and belief, the copyright has an effective date that predates the Defendant's acts of copyright infringement.

5. Defendant is an individual or business entity who, upon information and belief, resides in a foreign jurisdiction. Defendant operates at least one e-commerce store under the Defendant Internet Store identified on Amended Schedule A and/or other aliases. Defendant conducts business in the United States and has offered for sale and sold products to United States consumers, including in Illinois and this judicial district.

6. Plaintiff is forced to file this action to combat Defendant's piracy of the Sara Nemec Work. Plaintiff has been and continues to be irreparably damaged through loss of control over the creative content of the valuable copyright, reputation, goodwill, the quality and ability to license as a result of Defendant's actions and seeks injunctive and monetary relief.

## THE PLAINTIFF

7. Plaintiff, SARA NEMEC, is the owner of the Copyright Registration that protects the creative content of the Sara Nemec Work. Nemec is an artist who creates object, flower, and science-themed illustrations. Plaintiff has been creating art since the age of thirteen, having

published her work on various online platforms until she launched her own art business in 2024. Plaintiff's art style is best described as colorful, clean, and geometric, often leaning into a cartoon and anime aesthetic. Much of Plaintiff's inspiration comes from her background, having studied biotechnology and pharmacology. Nemec's love for nature, marine life, and medicinal herbs also shine through her creative work. Information about the Sara Nemec Work is provided in the following table:

| Registration No. | Effective Date of Registration | Title of Work | Design |
|---|---|---|---|
| VA 2-456-770 | May 2, 2025 | Froggy Tea | |

8. Nemec has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Sara Nemec Work. As a result, products associated with the Sara Nemec Work are recognized and exclusively associated by consumers, the public, and the trade as products authorized by Plaintiff (the "Sara Nemec Products").



https://www.redbubble.com/shop/ap/74698316

9. Plaintiff is the owner of the United States Copyright Registration that covers the Sara Nemec Work. The Registration is valid, subsisting, and in full force and effect. A true and correct copy of the registration certificate for the Sara Nemec Work is attached hereto as **Exhibit 1**.

10. In an effort to illegally profit from the creative content of the Sara Nemec Work, Defendant has created the Defendant Internet Store and designed it to appear to be selling authorized Sara Nemec Products. Upon information and belief, Defendant facilitate sales by designing the Defendant Internet Store so that it appears to unknowing consumers to be an authorized online retailer, outlet store, or wholesaler selling genuine Sara Nemec Products.

11. Plaintiff has invested substantial time, money, and effort in building up and developing consumer awareness, goodwill, and recognition in the Sara Nemec Work.

12. The success of the Sara Nemec Work is due in large part to Plaintiff's marketing, promotional, and distribution efforts.

13. As a result of Plaintiff's efforts, the quality of the Sara Nemec Products, the promotional efforts for Plaintiff's products and designs, press and media coverage, and social media coverage, members of the public have become familiar with the Sara Nemec Work and associate it exclusively with Plaintiff.

14. Plaintiff has made efforts to protect Plaintiff's interests in and to the Sara Nemec Work. No one other than Plaintiff and Plaintiff's licensees are authorized to manufacture, import, export, advertise, create derivative works, offer for sale, or sell any goods utilizing the Sara Nemec Work without the express written permission of Plaintiff.

**THE DEFENDANT AND THE DEFENDANT'S UNLAWFUL CONDUCT**

15. Defendant is an individual and/or business entity who, upon information and belief, reside in the People's Republic of China or other foreign jurisdiction. Defendant conducts business throughout the United States, including within Illinois and in this judicial district, through the operation of the fully interactive commercial websites and online marketplaces operating under the Defendant Internet Store. Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell illegal Sara Nemec Products to consumers within the United States, including Illinois and in this judicial district.

**COUNT I**
**COPYRIGHT INFRINGEMENT**

16. Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Amended Complaint.

17. The Sara Nemec Work is an original work and is copyrightable subject matter under 17 U.S.C. § 101 et seq.

18. At all relevant times, Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendant, as alleged hereunder, including but not limited to the Sara Nemec Work,

including derivative works. The Sara Nemec Work is the subject of a valid Copyright Registration Certificate issued by the Register of Copyrights. (**Exhibit 1**).

19. Defendant had access to the Sara Nemec Work via the internet, where the design appears on Plaintiff's authorized websites.

20. Defendant's unauthorized products either reproduce the Sara Nemec Work or are derived from the Sara Nemec Work:



| Plaintiff's Sara Nemec Work | Defendant's Infringing Product |
|---|---|

21. Defendant, without the permission or consent of Plaintiff, has sold and continues to sell online pirated derivative works of the copyrighted Sara Nemec Work. Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. The Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. §101 et seq.).

22. As a result of Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504 and to Plaintiff's attorneys' fees and costs pursuant to 17 U.S.C. §505.

23. The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§502 and

6

503, Plaintiff is entitled to injunctive relief prohibiting Defendant from further infringing Plaintiff's copyright and ordering that Defendant destroy all unauthorized copies.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1) That Defendant, its affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with it be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. Using the Sara Nemec Work or any reproductions, copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized Sara Nemec Product or is not authorized by Plaintiff to be sold in connection with the Sara Nemec Work;

   b. passing off, inducing, or enabling others to sell or pass off any product or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Sara Nemec Work;

   c. further infringing the Sara Nemec Work and damaging Plaintiff's goodwill;

   d. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiff to be sold or offered for sale, and which directly use the Sara Nemec Work, and which are derived from Plaintiff's copyright in the Sara Nemec Work; and

   e. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Store, or any other online marketplace account that is being used to

sell products or inventory not authorized by Plaintiff which are derived from Plaintiff's copyright in the Sara Nemec Work;

2) For Judgment in favor of Plaintiff against Defendant that it has: a) willfully infringed Plaintiff's rights in Plaintiff's federally registered copyright pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and business of Plaintiff by Defendant's acts and conduct set forth in this Amended Complaint;

3) For Judgment in favor of Plaintiff against Defendant for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff, in an amount to be determined at trial;

4) That Plaintiff be awarded Plaintiff's reasonable attorneys' fees and costs; and

5) Award any and all other relief that this Court deems just and proper.

DATED: December 5, 2025　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　*/s/ Keith A. Vogt*
　　　　　　　　　　　　　　　　　　　　　　Keith A. Vogt
　　　　　　　　　　　　　　　　　　　　　　FL Bar No. 1036084 / IL Bar No. 6207971
　　　　　　　　　　　　　　　　　　　　　　Keith A. Vogt PLLC
　　　　　　　　　　　　　　　　　　　　　　15275 Collier Boulevard, Ste. 201-2061
　　　　　　　　　　　　　　　　　　　　　　Naples, Florida 34119-6750
　　　　　　　　　　　　　　　　　　　　　　Telephone: 312-971-6752
　　　　　　　　　　　　　　　　　　　　　　Email: keith@vogtip.com

　　　　　　　　　　　　　　　　　　　　　　**ATTORNEY FOR PLAINTIFF**